# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**MICHAEL JULIUS ZAMBRANO,**

        **Plaintiff,**

**vs.**                                **No. CIV 04-581 RB/LCS**

**TIM LEMASTER, et al.,**

        **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed May 24, 2005 (Doc. 1). The United States Magistrate Judge, having reviewed the Petition, the submissions of the parties, relevant authorities, and being otherwise fully advised, recommends that Petitioner's Motion be **DENIED.**

### PROPOSED FINDINGS

**I.      Background**

1.      On February 25, 1997, the state district court in the Second Judicial District, Bernalillo County, New Mexico, in CR 96-2074, accepted Mr. Zambrano's pleas of guilty to: 1) two counts of unlawful taking of a motor vehicle in violation of NMSA 1978 § 66-3-504; 2) eight counts of forgery in violation of NMSA 1978 § 30-16-6; and 3) one count of theft of a credit card in violation of NMSA 1978 § 30-16-26. Mr. Zambrano also admitted to having been previously convicted of four counts of forgery on March 27, 1989 in the Third Judicial District Court, Dona Ana County, New Mexico in CR 88-348. (Resp. Mem. Ex. C).

2.      The terms of the plea and disposition agreement advised Plaintiff of the maximum

penalty for each conviction.  The agreement stated that the maximum sentence for each felony could be increased by up to one-third if the court found the existence of aggravating circumstances.  (Resp. Mem. Ex. B).  The plea agreement further provided that the State would "cap" Mr. Zambrano's imprisonment exposure to 12 years and that this "cap" on imprisonment applied only to Petitioner's initial sentencing.  (Id.)  The agreement expressly stated, "If the Defendant violates any condition of parole or probation, the Court may sentence him to imprisonment without considering the limitation."  (Id.)  Petitioner advised the court during the plea hearing that he understood the plea agreement and also understood that sentencing was to be at the court's discretion.  (Id.)  Plaintiff further agreed to waive his right to appeal from the judgment and sentence, so long as the sentence imposed was in accordance with the terms of the plea agreement.  (Id.)

3.       Plaintiff's sentencing hearing took place on October 27, 1997, at which time the district court imposed a term of imprisonment of 18 months for each of Petitioner's three fourth-degree felony convictions and a term of 3 years for each of Petitioner's eight third-degree felony convictions.  (Resp. Mem. Ex. A).  These sentences were to run consecutively for a term of twenty-eight and one-half years.  (Id.)  Nineteen and one-half years of the sentence were suspended for a term of imprisonment of nine years.  (Id.)  Upon completion of his term of imprisonment, Mr. Zambrano was to serve two years of supervised probation and two years of parole.  He was also awarded 258 days of pre-sentence confinement credit.  (Id.)  An habitual offender sentence was not imposed pursuant to the terms of the plea agreement.  (Resp. Mem. Ex. B).

4.       The State of New Mexico filed a motion to revoke Petitioner's probation on May

2

23, 2002 for: 1) violation of the laws of the State of New Mexico on April 7, 2002; 2) failure to report as required; 3) failure to submit truthful written reports; 4) failure to obtain permission before changing residence; 5) failure to report an arrest; and 6) absconding. (Resp. Mem. Ex. D). On April 9, 2003, the State file an addendum to its motion to revoke probation for: 1) violation of the laws of the State of New Mexico on May 5, 2002; and 2) failure to report an arrest. (Resp. Mem. Ex. F).

5.    On April 9, 2003, Mr. Zambrano admitted to violating his probation by failing to report to his probation officer and by failing to submit truthful written reports. (Id.) Petitioner's probation was revoked and the district court re-imposed his twenty-eight and one-half year sentence. Petitioner was awarded nine years of credit for time served and 176 days of credit for time served while on probation. The court suspended 4386 days of the sentence and ordered that Petitioner serve the remaining 2555 days (7 years) of his sentence while imprisoned. (Resp. Mem. Ex. G)

6.    Petitioner filed a motion to modify his Judgment and Sentence on July 22, 2003. He filed a motion for extension of time for file an appeal from his sentence on September 12, 2003. (Resp. Mem. Ex. H, I). The district court denied both motions on September 18, 2003. (Doc. 17).

7.    Mr. Zambrano filed a notice of appeal from the denial of his motion for modification of sentence on September 20, 2003. (Resp. Mem. Ex. M). The New Mexico Court of Appeals proposed summary dismissal on December 17, 2003 on the grounds that the notice of appeal was untimely filed and that the original plea agreement clearly stated that the "cap" of twelve years would apply only to the initial sentencing. (Resp. Mem. Ex. O). The Court of

Appeals entered its memorandum opinion on March 26, 2004, dismissing Petitioner's appeal as having been untimely filed.  (Resp. Mem. Ex. Q).

8.      Mr. Zambrano's petition for writ of habeas corpus in state court was summarily denied by the district court on April 28, 2004.  (Doc. 17).  The New Mexico Supreme Court issued its order denying review on May 17, 2004. (Id.)  Mr. Zambrano filed his Petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254 on May 24, 2004.  (Doc. 1).

## II.     STANDARD OF REVIEW

9.      Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of the state court's proceedings is quite limited.  *Fields v. Gibson*, 277 F.3d 1203, 1212 (10th Cir. 2002).  A federal court may not grant habeas relief unless the state court's decision was: 1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  *Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999) (quoting 28 U.S.C. § 2254(d)).  Factual findings of a state court are presumed correct and can be overturned by this Court only on a showing of clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

## III.    ANALYSIS

10.     Petitioner raises the following issues in his federal petition:

I.      Petitioner's plea of guilty violated his right to due process as it was not entered knowingly, intelligently and voluntarily.

II.     Petitioner's right to effective assistance of counsel was violated at his plea hearing, at his probation revocation hearing, and during his sentencing hearing on the probation revocation.

III.     Petitioner's plea agreement violated his right to due process as it was ambiguous.

11.     The Due Process Clause of the Fourteenth Amendment requires that a defendant's plea of guilty be entered knowingly and voluntarily.  *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969).  The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

12.     Petitioner claims his plea was not voluntary because he was erroneously informed that his sentence of imprisonment would not exceed twelve years in the event he pleaded guilty.  (Doc. 1).  In fact, by the terms of the Judgment, Partially Suspended Sentence and Commitment, entered December 3, 1997, Petitioner received an actual sentence of imprisonment of nine (9) years.  (Ex. A).  Nineteen and one-half years of the sentence were suspended on the condition that Mr. Zambrano abide by the conditions of his probation.  (Id.)

13.     Additionally, Mr. Zambrano signed a written plea and disposition agreement indicating that he understood the charges against him and the consequences of pleading guilty. (Ex. B).  The final page of the plea agreement, directly above Petitioner's signature, reads: "I understand that if the Court grants me probation, a suspended sentence, a deferred sentence or a conditional discharge, the terms and conditions of the sentence are subject to modification if I violate any of the terms or conditions imposed."

14.     Petitioner also appeared before the trial judge at his plea hearing on February 25, 1997, at which time he recounted the events giving rise to the charges against him, stated that he was guilty of committing the enumerated offenses, and affirmed that he had read, understood, and

agreed with all the provisions contained in the plea agreement.  Petitioner was informed by Judge

Smith that he would give up certain rights by entering his plea of guilty, to which Petitioner

agreed.  Petitioner further informed the court that he had spoken with his attorney and was

satisfied with the advice given by that attorney.  (Ex. C).  Given the exhaustive steps taken by the

state district court to apprise Petitioner of the consequences of his plea and Petitioner's own

statements that he understood those consequences, I recommend finding that Petitioner's plea

was entered knowingly and voluntarily and that the plea did not violate Petitioner's right to due

process.

     15.    Mr. Zambrano next contends that he received ineffective assistance of counsel at

his plea hearing, at his probation revocation hearing, and at his sentencing hearing following the

revocation of probation.  (Doc. 1).  This contention should fail as well.  Petitioner claims his plea

was involuntary because counsel affirmatively misled him to induce him to plead guilty by

representing that he would only face imprisonment of up to twelve (12) years and because counsel

failed to advise him that the actual sentence he would face by pleading guilty was twenty-eight

and one-half (28 ½) years.  Mr. Zambrano also asserts that, had he been appropriately advised by

counsel as to the actual term of his sentence, he would have insisted on going to trial.  (Id.)

Further, he claims counsel at his revocation hearing was ineffective because counsel failed to

advise the court that Petitioner's trial counsel had "lied" to him in convincing him to accept the

plea agreement.

     16.    A claim of ineffective assistance of counsel is a mixed question of law and fact

which this Court must review de novo.  *Fisher v. Gibson*, 282 F.3d 1283, 1290 (10th Cir. 2002).

Mr. Zambrano must demonstrate both deficient performance and prejudice.  He must show that

6

counsel made errors that were so serious that counsel's performance could not be considered "reasonable under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Prejudice in the context of a guilty plea requires Petitioner to show that there is a reasonable probability that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001).

17.     Mere allegations by a defendant that he would have insisted on trial but for his trial counsel's errors, though necessary, are ultimately insufficient to entitle him to relief. *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002). Rather, this Court must look to the factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial. *Id.* Specifically, while a defendant is not required to prove a reasonable probability that, but for counsel's mistakes, he would have prevailed at trial, the assessment of whether he would have changed his plea depends in large part on a prediction of whether the outcome of the district court proceedings would have been different if his counsel had not committed the alleged errors. *Id.*

18.     Given these standards, Petitioner's allegations that counsel was ineffective are insufficient. It does not appear that counsel's performance was deficient, nor does it appear that Mr. Zambrano was prejudiced thereby. By the terms of the plea agreement, Petitioner did receive a sentence of imprisonment, as was his expectation, that was within a twelve-year time period. In fact, Petitioner was sentenced to a term of incarceration of nine years. While Mr. Zambrano claims he did not understand that his "maximum possible sentence" was twenty-eight and one-half years, he represented to Judge Smith at his plea hearing that he fully understood all terms

7

contained in the plea agreement.  (Ex. C).  The plea agreement clearly states that the "cap" of twelve years on incarceration applied only to the initial sentencing and that the Court was not bound to consider this limitation in the event Petitioner violated the terms of probation or parole. (Ex. B).  Additionally, as noted *supra*, Mr. Zambrano assented that the terms and conditions of his sentence would be subject to modification in the event he violated any of the terms of the plea agreement.  (Id.)  Petitioner was therefore not prejudiced by any alleged errors of counsel, and I recommend finding that Petitioner's counsel was not ineffective.

19.     Finally, Petitioner argues that his plea was not entered voluntarily, in violation of his right to due process, because the plea agreement was ambiguous.  This ambiguity, according to Petitioner, arose because the agreement did not specify that he could be sentenced to up to twenty-eight and one-half years in the event he violated the conditions of the agreement.  When the agreement is read from beginning to end however, it is apparent the plea agreement sets out the consequences Petitioner would have faced had he been tried and convicted of all charged offenses and then outlines the agreement made with the state in exchange for entering a plea of guilty.  (Ex. B).  I find no fatal ambiguity in the terms of the plea agreement that renders Mr. Zambrano's guilty plea involuntary.  As such, I recommend finding that the plea agreement was not so ambiguous as to render the guilty plea involuntary.

## IV.     RECOMMENDED DISPOSITION

Accordingly, I recommend that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2254, filed May 24, 2004 (Doc. 1) be **DENIED**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party

may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and

recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW,

Albuquerque, NM 87102.  A party must file any objections within the ten day period if that party

wants to have appellate review of the proposed findings and recommendations.  If no objections

are filed, no appellate review will be allowed.


_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**